## Commonwealth v. Holland

*A. Alfred Delduco*, for Commonwealth.

*John S. Halstead*, for defendant.

RILEY, J., October 24, 1967.—Defendant was arrested on view, charged with an overweight violation of The Vehicle Code. He was taken before Squire Plummer of Tredyffrin Township. The transcript reveals that "defendant was advised that if he desired the vehicle could be weighed on other scales. He was advised that he had the right to consult an attorney of his choice before making any statement. He was told that he could remain silent if he so desired". Defendant then pleaded "guilty" to the charge, and was fined $440 and costs, with the truck impounded until the fine was paid.

The case is before us upon certiorari, defendant contending that the transcript does not show that he was given the choice of an immediate hearing or of giving bail for a hearing within 10 days, as set forth in section 1202 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1202(d).

We had this point raised before us previously upon appeal, rather than certiorari, and dismissed the appeal, indicating, however, quite clearly, that, had the issued been properly brought under certiorari, the absence of such a choice indicated in the transcript would have been fatal. What we dealt with in "dicta", in Commonwealth v. Christensen, 12 Chester 107, we now have squarely before us, and, as there indicated, we hold that the mandated offer of an immediate hearing, or the right to post bail for a hearing within 10 days, is an essential requirement, and the absence of such an offer in the transcript, where an arrest on view is made, is fatal, and the charge will be quashed upon certiorari.

Wherefore, October 24, 1967, the judgment of the justice of the peace is reversed and defendant ordered discharged.